**SO ORDERED.**

**SIGNED this 13th day of August, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| HARDWOOD P-G, INC., CUSTOM FOREST PRODUCTS, LTD., & CUSTOM FOREST PRODUCTS TRANSPORTATION, INC. | 06-50057-C |
| *DEBTOR* | CHAPTER 11 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | |
| *PLAINTIFF* | |
| V. | ADV. NO. 06-5230-C |
| ROBINSON LUMBER CO., INC. | |
| *DEFENDANT* | |

### DECISION AND ORDER PARTIALLY GRANTING AND PARTIALLY DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CAME ON for consideration the foregoing matter. Plaintiff, Randolph N. Osherow, Trustee of a Litigation Trust created pursuant to the debtors' confirmed chapter 11 plan (and substituted in for the original named plaintiff, the Official Committee of Unsecured Creditors) has moved for

Summary Judgment that certain transfers made by the Debtor to the Defendant, a creditor, are preferences under section 547(b) of the Bankruptcy Code. The Plaintiff has also moved for summary judgment that the affirmative defenses pled by Defendant under section 547(c) be denied for lack of evidence. The Defendant filed a response which addresses only its ordinary course of business defense under 547(c)(2).

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment is proper when the summary judgment papers show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With regard to the Plaintiff's motion for summary judgment that the transfers complained of are preferences under section 547(b), the Plaintiff was required to make out its *prima facie* preference claim by presenting summary judgment evidence that:

1. There was a transfer

2. of an interest of the debtor in property

3. for the benefit of a creditor

4. for or on account of an antecedent debt

5. while the debtor was insolvent

6. made within 90 days before the date of filing the petition

7. that enables such creditor to receive more than such creditor would receive in a Chapter 7 liquidation if the transfer had not been made.

*See* 11 U.S.C. § 547(b).

The Plaintiff has provided summary judgment evidence sufficient to make out a *prima facie* case under section 547(b). The transfers to the Defendant were by check from the Debtors' general operating account. This constitutes a transfer of an interest of the debtor in property, satisfying the first two elements. [Doc #22, Exhibit A-1]. The Defendant admits that it is a creditor of the Debtor. [Doc #22, Exhibit C, Request for Admissions 3]. The Defendant admits that the transfers were made on account of an antecedent debt. [Doc #22, Exhibit C, Request for Admissions 5]. There is a presumption of insolvency within 90 days of filing the bankruptcy petition. 11 U.S.C. § 547(f). In the absence of any evidence that the Debtors were solvent at the time of the transfers, the Plaintiff is entitled to rely upon the presumption of insolvency and there is no material issue as to the Debtors' insolvency. *Sandoz v. Fred Wilson Drilling Co. (In re Emerald Oil co.)*, 695 F.2d 833, 838 (5th Cir. 1983); *See* FED. R. EVID. 301. The Defendant has failed to provide any evidence of solvency and thus the presumption of insolvency can be relied upon by the Plaintiff in this case. The date of transfer under 547(b) is the date the Debtors' check was honored by the Debtors' bank. *Barnhill v. Johnson*, 503 U.S. 393, 394-95 (1992); *See* FED. R. EVID. 301. The Plaintiff has provided copies of the cleared checks in Exhibits A-1 and A-2. [Doc #22]. This evidence indicates that the checks cleared the Debtors' bank within the 90 day preference period. The Plaintiff has also provided an affidavit by the Trustee in this case, Randolph N. Osherow in Exhibit A which states that the distribution to unsecured creditors will be less than 100%. [Doc #22, Exhibit A]. The Defendant in this case is an unsecured creditor and the antecedent debt paid during the preference period constituted unsecured debt. The transfers at issue paid the Defendant 100% of the amount of the unsecured debt which they were intended to repay. Since the trustee has indicated that he expects the unsecured creditors to recover less than 100%, the Defendant has recovered more than

it would have if the transfers had not been made. Accordingly, there is evidence sufficient to make out Plaintiff's *prima facie* case for all of the elements of a preference under section 547(b).

The Defendant's response does not even address Plaintiff's motion for summary judgment under 547(b) much less raise any countervailing evidence to raise a material issue of fact. Thus summary judgment is appropriate as to Plaintiff's cause of action under 547(b).

Plaintiff has moved for summary judgment on Defendant's affirmative defenses under 547(c). Defendant did not plead the affirmative defenses of purchase money security interest under 547(c)(3) or new value under 547(c)(4). These defenses are therefore waived, and the court need not consider them further. *See* FED. R. CIV. P. 8(c); *Henry v. First Nat. Bank of Clarksdale*, 595 F. 2d 291, 298 (5th Cir. 1986).

Plaintiff has also moved for summary judgment on the affirmative defenses of contemporaneous exchange for new value under (c)(1) and ordinary course of business under (c)(2). "The moving party on a summary judgment motion need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 10A FEDERAL PRACTICE AND PROCEDURE § 2720 (3d ed. 1998); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The Plaintiff's motion for summary judgment points out the Defendant's lack of evidence to support its affirmative defenses. Once the moving party has pointed out the lack of evidence by the party bearing the burden, the nonmoving party then must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. In regard to the contemporaneous exchange defense under 547(c)(1), the Defendant's response does not even address Plaintiff's motion for summary judgment and has failed to designate any facts to show a genuine issue for trial as to that

defense. Thus, summary judgment for the Plaintiff is appropriate for the Defendant's affirmative defense under section 547(c)(1).

Defendant *did* respond to Plaintiff's motion for summary judgment in regard to its ordinary course of business defense under section 547(c)(2) and offered corresponding summary judgment evidence in support. The issue is whether the Defendant's summary judgment evidence is sufficient to raise a genuine issue of material fact.

The relevant evidence offered by the Defendant includes the following. The Defendant provides an affidavit indicating the longstanding business relationship and the common occurrence of late payments between the Debtor and the Defendant. [Doc #27, Appendix A]. The Defendant also provides business records indicating a history of transactions between the Debtor and the Defendant [Doc #27, Appendix B]. The business records tend to show that untimely and late payments were routinely made by the Debtor to the Defendant. The evidence also contains an affidavit asserting that late payments are common in the industry. [Doc #27, Appendix A].

The Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) changed Section 547 (c)(2) effective as to cases filed after October 17, 2005. This case was filed on January 9, 2006. The current law describing the ordinary course of business defense requires the payment be of a debt "incurred by the debtor in the ordinary course" between the debtor and the transferee. U.S.C. § 547(c)(2). However, it differs from the pre BAPCPA version by allowing a Defendant seeking to prove the ordinary course of business defense to prove either the subjective prong under (c)(2)(A) *or* the objective prong under (c)(2)(B) rather than requiring both prongs to be proven as was required by the law prior to the 2005 Act. Of course, this makes the Defendant's job easier.

To satisfy the first requirement, "in payment of a debt incurred by the debtor in the ordinary course" between the debtor and the transferee (Defendant), the court may consider several factors

including the length of time the parties have engaged in this type of dealing, whether there was unusual behavior by the debtor, and whether there was collection action taken or advantage gained by the creditor. *See In re Hechinger Inv. Co. of Delaware, Inc.*, 320 B.R. 541, 548 (Del. 2004). The Defendant has provided evidence of an extensive relationship between the Debtor and the Defendant and has shown that late payment was common by the Debtor. There is no evidence in the record that collection actions were taken by the creditor. This evidence tends to indicate that the transfers in this case were in the ordinary course. Thus, Defendant has raised a genuine issue of material fact as to these elements.

The Defendant must also produce evidence supporting either the subjective prong under (b)(2)(A) or the objective prong under (b)(2)(B). To satisfy the subjective prong, "made in the ordinary course of business" between the Debtor and the transferee, "the court must make a subjective inquiry about whether the payment of a debt was made in the ordinary course of business of the debtor and the transferee." *In re Tolona Pizza Products, Corp.*, 3 F.3d 1029, 1032 (7th Cir. 1993). The Defendant has presented evidence that tends to indicate that the transfers complained of were ordinary because there was a longstanding relationship between the parties and that late payments were routine in this relationship. The Defendant has raised a genuine issue of material fact as to this matter.

The other "relevant inquiry is "objective"; that is to say, we compare the credit arrangements between other similarly situated debtors and creditors in the industry to see whether the payment practices at issue are consistent with what takes place in the industry." *In re Gulf City Seafoods, Inc.*, 296 F. 3d 363, 368 (5th Cir. 2002). There must be some basis in the practices in the industry to authenticate the credit arrangement at issue. *Id.* at 369. Testimony of the transferee's company representatives about practices in the industry is sufficient to meet this burden. *Id.* at 368. The

Defendant has produced precisely this type of testimony in the Affidavit of Randall Ortega Appendix A to Defendant's response to motion for summary judgment. [Doc #27].

Therefore the Defendant's response provides evidence sufficient to raise a genuine issue of material fact as to the affirmative defense of ordinary course of business under the subjective prong in section 547(c)(2)(A) and the objective prong in 547(c)(2)(B). Summary judgment for the Plaintiff is inappropriate under these circumstances and is Denied as to section 547(c)(2).

Plaintiff's motion for summary judgment is granted in part and denied in part. Motion for summary judgment to designate the transfers in question as preferences under section 547(b) is **Granted**. Plaintiff's motion for summary judgment on the contemporaneous defense under section 547(c)(1) is **Granted**. Plaintiff's motion for summary judgment on the ordinary course of business defense under section 547(c)(2) is **Denied**.

# # #